UNITED STATES of America,
Appellee,

v.

Raul MORALES, Defendant–Appellant,

**Alejandro Abreu, Defendant.**

**No. 03–1347–CR.**

United States Court of Appeals,
Second Circuit.

July 6, 2004.

Raul Morales, White Deer, PA, for Appellant, pro se.

Jaikumar Ramaswamy, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

PRESENT: LEVAL, CABRANES and WALLACE,* Circuit Judges.

SUMMARY ORDER

Defendant Morales appeals the District Court's judgment on grounds that can be interpreted charitably as: (i) the District Court erred in failing to satisfy Rule 11(c) of the Federal Rules of Criminal Procedure; (ii) the District Court erred in failing to satisfy the "factual basis" element of Rule 11; (iii) Morales was denied his right to effective counsel; and (iv) the District

* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Court erred in sentencing Morales under 18 U.S.C. § 922(g)(1).

## I. Whether the District Court satisfied Rule 11(c)(1).

Morales contends that the District Court violated Rule 11(c)(1) by not informing him, nor determining that he understood the nature of, the conspiracy charge to which he pleaded guilty.

■ At the time of Morales' plea colloquy, Rule 11(c)(1) required a district court, *inter alia,* to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... (1) the nature of the charge to which the plea is offered." The District Court did not plainly err in discharging this duty. The Court confirmed that Morales discussed the case with his attorney, including possible defenses. *See, e.g.,* Supplemental Appendix ("SA") 37–38, 21–23, 40. The Court also explained the elements of a conspiracy "offense in the court's own words," *United States v. Maher,* 108 F.3d 1513, 1521 (2d Cir.1997), an explanation Morales indicated he understood. Finally, Morales told the Court that he "conspired with others to sell 50 grams of crack." *See id.* ("The district court is entitled to accept a defendant's statements under oath at a plea allocution as true.").

## II. Whether the District Court satisfied Rule 11's "factual basis" requirement.

Morales argues that the District Court erred in sentencing him for crimes not adequately supported by a factual basis, in violation of Rule 11. Specifically, he argues that there was an insufficient factual basis for the District Court to have accepted his guilty plea to these charges because: (i) he conspired only with Government agents, and no one else (Appellant's Br. 8); (ii) the " 'buyer-seller' rule" excludes Morales' actions from a conspiracy categorization (Appellant's Br. 11–13); and (iii) Morales sold only forty-five grams of crack to the undercover agent in February and March of 2002, five grams shy of establishing a factual basis from which to accept a guilty plea to crimes requiring fifty grams (Appellant's Br. 20).

■ *Morales' "Government-agent-only" objection to the conspiracy charge.* We conclude that there was a sufficient factual basis for acceptance of Morales' guilty plea to participation in a conspiracy with others—including at least one non-Government agent—to distribute crack and cocaine. In a colloquy with the Court in which Morales testified under oath and in the presence of his counsel, the District Court ensured that Morales had read and understood the indictment and the plea agreement, and understood the elements of the offenses to which he was pleading guilty. *See, e.g.,* SA 21–23, 27, 33, 40–41, 46. The District Court explained that pleading guilty to a conspiracy charge entailed an agreement and cooperation with at least one non-Government agent, verified that Morales understood this language, and Morales subsequently allocuted that he "conspired with others to sell 50 grams of crack." Upon a review of the full record—including the facts recited above—we hold that the District Court did not err, much less plainly err, in accepting Morales' guilty plea to conspiring with at least one non-Government agent to distribute crack and cocaine.

*Morales' "buyer-seller" argument.* Morales' argument that the "buyer-seller" rule bars his sales of crack and cocaine from being categorized as a conspiracy is without merit. Upon a review of the full record, *see, e.g.,* SA 17–19, 21–23, 27, 40–42, 49–50, we hold that it did not constitute plain error—nor error at all—for the District Court to conclude that Morales' buy-

ing-selling activities entailed participation in a conspiracy.

*Morales' "forty-five grams" objection.* Morales argues that he sold only forty-five grams of crack to the undercover agent, hence the District Court erred in accepting his guilty plea to sales of at least fifty grams of crack. Upon a review of the record, *see, e.g.,* SA 16, 17, 19, 21, 49, we hold that it was neither error nor plain error for the District Court to accept Morales' plea to having sold at least fifty grams.

III. Whether Morales' counsel was ineffective.

Morales argues on direct appeal that his trial counsel was ineffective. (Appellant's Br. 22–26) As for many or all of his claims, the District Court record does not contain the information necessary to review them. Morales may seek review of them in a § 2255 petition.

IV. Whether the District Court erred in sentencing Morales under 18 U.S.C. § 922(g)(1).

To the extent that Morales' claims on appeal can be interpreted as arguing that the District Court erred in convicting and sentencing him under 18 U.S.C. § 922(g)(1), we conclude that his arguments are without merit.

\* \* \* \* \* \*

We DISMISS the appellant's ineffective-assistance-of-counsel claim without prejudice to the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2255.

We have considered the appellant's other arguments and hold that they are all without merit. Accordingly, the judgment of the District Court in these respects is hereby AFFIRMED.